The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. During the time that the employer-employee relationship existed, the parties were subject to and bound by the provisions of the Workers Compensation Act.
2. The employee-employer relationship existed between plaintiff and defendant-employer at all relevant times.
3. At the time of the alleged injury, plaintiffs average weekly wage was $316.00 with a compensation rate of $210.77.
4. The stipulated medical records and reports may be accepted as substantive evidence in this case. The deposition on Mark W. Roy, M.D. is a part of the evidentiary record.
5. On June 10, 1999, plaintiff alleges that he sustained a back injury by accident arising out of and in the course of his employment with defendant-employer.
6. Plaintiff was out of work from August 16, 1999 through January 31, 2000 and from February 21, 2000 through April 10, 2000 and has received no compensation from defendants during that time due to defendants denial of plaintiff-employees claim.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was a forty-five year old at the time of the hearing before the Deputy Commission and started working for defendant-employer on June 5, 1999. Plaintiffs initial position was as a sales representative in the appliance department. After working in this position a short period of time, plaintiff was transferred to a cashier position.
2. Plaintiff alleges that he was working as a sales representative in the appliance department on June 10, 1999, and that another sales associate, Richard Hopkins, requested that plaintiff go to the stock room and retrieve a refrigerator for a customer. Furthermore, plaintiff alleges that he attempted to retrieve this refrigerator by himself by taking a cart and going to the stock room, which is located in the back of the store near several departments and attempting to move the refrigerator onto the cart. Plaintiff further contends that he tilted the refrigerator back and attempted to move the cart underneath the refrigerator and as he did so, the cart rolled and plaintiffs leg twisted underneath him. Plaintiff allegedly slid and his leg hit the floor. Consequently, plaintiff allegedly immediately felt an onset of pain and numbness in this lower back and left leg.
3. Plaintiff alleges that he reported the injury to Tammy Ziglar, Personnel Training Coordinator. According to plaintiff, Ms. Ziglar, who has been in her position with defendant-employer for approximately six years, did not fill out any report of injury forms, provide any medical assistance, or refer him to a doctor. Instead, she requested whether plaintiff wanted to be transferred to another department. When plaintiff responded in the affirmative, Ms. Ziglar informed him that he could work as a cashier starting the next Monday.
4. There were no witnesses to the alleged incident. Although the stock room where the alleged incident occurred is adjacent to several departments, which are staffed at all times, plaintiff did not request any of these employees to assist him with retrieving the refrigerator.
5. The greater weight of the evidence demonstrates that plaintiff failed to report this injury to anyone at work. Although plaintiff contends that he reported the injury to Ms. Ziglar, her testimony to the contrary is given greater weight. Furthermore, Eric Joyce, plaintiffs department manager, testified that plaintiff never mentioned to him that he had hurt his back at work.
6. Initially, plaintiff did not miss any time from work as a result of this alleged injury. In fact, plaintiff was able to continue working the rest of his shift on the date the alleged injury. Moreover, plaintiff did not miss any time from work until he underwent surgery in August 1999.
7. At the time of the alleged injury, employee was receiving on-going treatment from Dr. Mark Roy, a neurosurgeon, and significantly failed to seek any treatment from Dr. Roy for this alleged injury. Plaintiff also had a personal family physician from whom he sought treatment for previous incidents of back and leg pain but did not call or seek treatment from this personal family physician after the June 10, 1999 incident.
8. Plaintiff was undergoing treatment for degenerative disc disease at the time of the alleged injury and received an epidural steroid injection on June 30, 1999, twenty days after the alleged injury occurred. Significantly, the technicians notes do not indicate that plaintiff mentioned any work related injury at that time. In fact, the medical records indicate that plaintiff went to a routine follow-up examination with Dr. Roy on August 4, 1999.
9. Plaintiff failed to inform Dr. Roy of the alleged injury. In fact, employee saw Dr. Roy, or someone in his practice, on nine occasions after the alleged accident and never reported the alleged injury. Moreover, the first time that there is any reference to the alleged injury in any medical record is on August 24, 2000, over one year after the alleged incident.
10. Plaintiff presented an inaccurate account of his long history of back problems. On the Post-Offer Questionnaire that plaintiff filled out on his first day of employment, he falsely answered "No to the question of "Have you ever been treated for a back injury? In a recorded statement regarding plaintiffs alleged workers compensation claim, employee also denied having any back injuries or back treatment.
11. Plaintiffs history of low back and left leg symptoms is extensive. Prior to his alleged injury in June 1999, plaintiff was seen by six different doctors for complaints of pain, weakness, and numbness in his low back and left leg. Plaintiffs complaints of back and left leg problems existed as early as 1996.
12. Dr. Roy first evaluated employee on February 1, 1999, approximately four months prior to when plaintiff started working with defendant-employer. At the time of plaintiffs initial evaluation by Dr. Roy, plaintiff complained of back pain and numbness, which had progressively worsened within the last six months. Plaintiff noted that the pain and numbness was becoming more constant and was even "incapacitating. Dr. Roy diagnosed plaintiff with lumbar spondylosis. Dr. Roy ordered an MRI in order to more definitively assess plaintiffs condition.
13. An MRI was performed on employee on February 11, 1999, which indicated a mild disc bulge and degenerative disc disease at L5-S1, but no evidence of a disc herniation or spinal stenosis. Dr. Roy felt that the findings were consistent with the amount of back and left leg pain that plaintiff was suffering. However, since there was no evidence of a herniation or other neurological deficiency, Dr. Roy recommended conservative treatment with lumbar epidural steroid injections.
14. Plaintiff underwent a series of three epidural steroid injections, performed on March 9, 1999, May 20, 1999, and June 30, 1999. Plaintiff received only temporary relief from these injections. Therefore, Dr. Roy recommended a discogram.
15. The discogram was performed on August 13, 1999 and elicited a positive response. Based on the results of the discogram together with the findings of progressive degenerative disc disease and the failure of the epidural steroid injections to provide sustained relief, Dr. Roy recommended fusion surgery.
16. Accordingly, plaintiff underwent a L5-S1 laminectomy and diskectomy, posterior interbody fusion on August 27, 1999, which was successful. Within ten days of the surgery, plaintiffs strength was full and his back stable. Dr. Roy initiated a physical therapy program to assist in plaintiffs recuperation. However, plaintiff was unable to tolerate the physical therapy, which was consequently discontinued.
17. Dr. Roy found that plaintiff should return to work on this schedule on November 31, 1999. However, on the day before he was to have returned to work, plaintiff fell resulting in increased pain in his back and leg. Plaintiff immediately called Dr. Roys office to report the incident and to request an evaluation. However, since Dr. Roy was not in the office, plaintiff was seen by Dr. Nudelman who agreed to keep plaintiff out of work until he could be re-examined by Dr. Roy. However, plaintiff did not return to see Dr. Roy until over one month later, on January 11, 2000. At that time, Dr. Roy once again released plaintiff to return to work with a twenty pound lifting restriction. Thereafter, Dr. Roy saw plaintiff on March 15, 2000, May 25, 2000, and August 24, 2000 for follow-up appointments. Dr. Roy found that plaintiff reached maximum medical improvement and assigned a thirty percent disability rating to the back.
19. The greater weight of the evidence indicates that plaintiff did not sustain an injury by accident as alleged. Furthermore, the medical treatment and surgery which plaintiff underwent was the result of the natural progression of his degenerative disc disease or spondylosis which was first diagnosed by Dr. Roy in February, 1999 and of which plaintiff had complained since at least 1996. Furthermore, plaintiffs spondylosis was not caused by or aggravated by any work related injury.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not suffer an injury by accident or specific traumatic incident, which resulted in a back injury. N.C.G.S. 97-2(6).
2. Plaintiff failed to give notice to his employer of a work related injury with thirty days. N.C.G.S. 97-22.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Employees claim for workers compensation benefits is hereby, and the same shall be, DENIED.
2. Each side shall bear its own costs, except defendants shall pay an expert witness fee of $325.00 to Dr. Mark W. Roy.
This the ___ day of July 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER